UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JIM DAVIS and SHANNON PARKER DAVIS,

    Plaintiffs,

v.  6:14-cv-120

NATIONWIDE INSURANCE COMPANY OF AMERICA, JOHN PAUL EDWALDSON, SOUTH GEORGIA INSURANCE ASSOCIATES, L.P., GAIN LLC, and BAYVIEW LOAN SERVICING, LLC,

    Defendants.

## ORDER

Jim Davis and Shannon Parker Davis filed this action on April 1, 2014, alleging that Bayview Loan Servicing, LLC ("Bayview"), "wrongfully foreclosed" on real property that they owned. ECF No. 1-2 at 5. The Davises also made other allegations against other parties. *See* ECF Nos. 1-2, 4. One of those other parties—Nationwide Insurance Company of America ("Nationwide")—removed the action to this Court on November 20, 2014. ECF No. 1. Bayview now seeks to have the action against it dismissed for lack of service. ECF No. 14.

A plaintiff must serve all defendants with a summons and a copy of the complaint. *See* Fed. R. Civ. P. 4(c)(1). He must complete service within 120 days after the complaint is filed or face dismissal by the court. Fed. R. Civ. P. 4(m).

But federal procedural rules apply only after a case has been removed. *See* Fed. R. Civ. P. 81(c)(1); *see also* 14C Wright & Miller, Federal Practice and Procedure, § 3738, at 692-94 (4th ed. 2009) ("After the removal of an action from state court . . . the case will proceed as if it originally had been brought in the federal court."). Although the Eleventh Circuit has not directly addressed whether the time for service begins to run on the date of removal or the date the suit was filed in state court, some district courts have found that the 120-day time limit is a federal limit and that it therefore does not begin until after a case is removed. *See Kimbrough v. City of Cocoa*, 2006 WL 1643364, at *1 (M.D. Fla. June 6, 2006) ("Where, as here, a party served in the state court action has removed the case to federal court before all defendants could be served, a plaintiff can use Rule 4 to complete service and a new 120-day period for service of process commences at the date of removal."); *Ritts v. Dealers Alliance Credit Corp.*, 989 F.Supp. 1475, 1479 (N.D. Ga. 1997) (finding that, since "120 days had not passed since the date of removal . . . the court does not believe that Rule 4(m) has been violated"); *Motsinger v. Flynt*, 119 F.R.D. 373, 377 (M.D.N.C. 1988).

The Court finds persuasive the reasoning of its sister courts. Calculating the 120-day time limit from removal also aligns with 28 U.S.C. § 1448, which states that, after removal from state to federal court, "process or service may be completed or new process issued in the same manner as in cases originally filed in such district court." 28 U.S.C. § 1448.

Here, the Court will calculate the time for service of process in accordance with 28 U.S.C. § 1448. Accordingly, the Court finds that the 120-day time limit did not begin until after removal from state court. Nationwide removed this action on November 20, 2014, *see* ECF No. 1, and so the Davises had until March 20, 2015, to serve the defendants. The record reflects that Bayview was served on March 19, 2015. ECF No. 34. Therefore, they were served within the time permitted.

Therefore, Bayview's Motion to Dismiss, ECF Nos . 10 & 14, is **DENIED**.

This 1 day of April 2015.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA